UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS CLYDE OLIVER, | ) | Civil No.06 CV 0529 H    (WMc) |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF UNITED STATES MAGISTRATE** |
| | ) | **JUDGE RE DENIAL OF PETITION** |
| ROBERT J. HERNANDEZ, WARDEN | ) | **FOR WRIT OF HABEAS CORPUS** |
| | ) | |
| Defendants. | ) | |

**I.**

**INTRODUCTION**

Curtis Clyde Oliver ("Petitioner"), a state prisoner proceeding *pro se*, brings this Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his San Diego Superior Court conviction in case number SCD176211. Petitioner claims that there was insufficient evidence to support his conviction for possession of cocaine base for sale.

After reviewing the Petition, Respondent's Answer and supporting Memorandum of Points and Authorities ("Answer"), Petitioner's Traverse and supporting Memorandum of Points and Authorities ("Traverse"), and all supporting documents submitted by the parties, **IT IS RECOMMENDED** that the Petition be **DENIED** for the reasons set forth below.

## II.

## STATE COURT PROCEEDINGS

On January 21, 2004, Petitioner was convicted of possession of cocaine base for sale (CAL. HEALTH & SAFETY CODE § 11351.5) and child endangerment (CAL. PENAL CODE § 273a(a)). (Lodgment No. 1 at 151, 153.) Petitioner was sentenced to a prison term of thirteen years. (*Id*. at 121.) On October 19, 2005, the California Court of Appeal, Fourth Appellate District, Division One reversed the conviction for child endangerment, but affirmed the remainder of the judgment. (Lodgment No. 6 at 9.) On January 4, 2006, the California Supreme Court denied Petitioner's request for review. (Lodgment No. 8.)

## III.

## FEDERAL COURT PROCEEDINGS

On March 13, 2006, Petitioner filed the instant Petition in this Court. On May 8, 2006, Respondent filed an Answer to the Petition along with a Memorandum of Points and Authorities. On May 8, 2006, Respondent also lodged documents with the Court. On May 26, 2006, Petitioner filed a Traverse along with a Memorandum of Points and Authorities.

## IV.

## STATEMENT OF FACTS

Title 28, United States Code, section 2254, subsection (e)(1) provides: "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see also Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc) *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997) (stating that federal courts are required to "give great deference to the state court's factual findings.") The following facts are taken from the California Court of Appeal's opinion in Petitioner's direct appeal.

> On July 21, 2003, narcotics officers from the San Diego Police Department conducted a traffic stop of Deanna Horton, Petitioner's co-defendant, while she was driving Petitioner's car. After illegal narcotics were found in Ms. Horton's wallet, police conducted a search of the apartment she shared with Petitioner. In the bedroom, police found fifteen individually packaged rocks of cocaine weighing approximately four grams inside of a stereo speaker.

On top of the speaker was a letter addressed to Petitioner at the apartment's address and a utility bill for the apartment in Petitioner's name. There was also a stick of men's deodorant next to the speaker and a satchel in the closet with two means of identification belonging to Petitioner.

Petitioner was arrested after the search and transported to a hospital. An officer at the hospital, responding to Petitioner's inquiry, read to him a synopsis from a jail document indicating the basis for his arrest. Petitioner then stated, "This is all bogus. It's not what it seems. I have a problem with drugs and all, but I don't think this is going anywhere when it gets to the judge." *People v. Oliver*, No. D045114, 2005 WL 2660294, at *1 (Cal. Ct. App. 2005). The officer responded that he could understand if the money was good it would be hard to stop. Petitioner replied, "The money isn't even that good. What I was selling wasn't even that big of a deal." *Id*.

Deanna Horton testified that Petitioner moved into her apartment in May 2003 and that he helped pay the bills, although she did not know where he got his money. She further stated that she purchased $100 worth of cocaine base three days before her arrest, that she rationed the cocaine base into twenty to twenty-five separate bindles which were placed in plastic bags, and that she was keeping the drugs for her personal use. Ms. Horton also testified that Petitioner was unaware of the drugs in the apartment.

Ms. Horton's thirteen-year-old son, who lived in the apartment where the drugs were found, also testified at Petitioner's trial. He stated that he did not think Petitioner was living at the apartment and that he had never seen drugs there.

## V.

## **STANDARD**

The standard for reviewing claims of insufficient evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. Mitchell*, 243 F.3d 1203, 1206 (9th Cir. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). AEDPA requires federal courts to review insufficiency claims with "additional deference," and only grant habeas relief where the state court's adjudication is "objectively unreasonable." *Id.*

///

///

///

///

///

**VI.**

**DISCUSSION**

**A.    Petitioner's conviction for possession of cocaine base for sale was supported by sufficient evidence.**

Petitioner claims that his right to due process under the Fifth and Fourteenth Amendments was violated because there was insufficient evidence to support his conviction for possession of cocaine base for sale. (Petition at 6.) Petitioner argues that the evidence suggesting he "occasionally spent the night" at the apartment and had limited access to things as a guest is not enough to establish that he possessed the cocaine base as required by California Health and Safety Code section 11351.5. (*Id*. at 8.) Petitioner further contends that his admission of selling cocaine in the past is not enough to establish that he knew of, or had control of, the cocaine base that was found inside the speaker. (*Id*.)

Respondent claims that there is sufficient evidence to prove Petitioner constructively possessed the cocaine base. (Answer at 6.) Respondent argues that there was strong evidence that Petitioner lived at the apartment where the drugs were found and that he paid some of the expenses. (*Id*.) Further, there were documents bearing Petitioner's name on top of the speaker that contained the cocaine base, and Petitioner admitted to an officer that he had a "problem with drugs." (*Id*.) Respondent contends that this evidence, when taken together with Petitioner's statement that he was selling drugs, was sufficient to support the conviction for possession of cocaine base for sale. (*Id*.)

Under California law, constructive possession exists when a defendant maintains control of, or a right to control, contraband. *Armstrong v. Superior Court*, 217 Cal. App. 3d 535, 538 (Cal. Ct. App. 1990).

> For purposes of drug transactions, the terms "control" and "right to control" are aspects of a single overriding inquiry into when the law may punish an individual who is exercising such a degree of intentional direction over contraband that he can be justifiably and fairly punished in the same manner as if he were indeed in actual physical possession of a controlled substance. Implementation of this policy necessarily encompasses a poten-
> tially wide variety of conduct in a wide variety of settings, all directed by such factors as

the alleged offender's capacity to direct the illicit goods, the manifestation of circum-
stances wherein it is reasonable to infer such capacity exists and the degree of direction
being exercised by the accused over the contraband.

*Id*. at 539.

In the present case, the state appellate court's decision was not objectively unreasonable based on the evidence presented. Officers found a letter addressed to Petitioner at the apartment's address on top of the speaker where the cocaine base was discovered. They also found a utility bill for the apartment in Petitioner's name, a stick of men's deodorant, and a satchel in the closet that contained two means of identification belonging to Petitioner. Further, there was evidence that Petitioner admitted having "a problem with drugs," and that he told an officer "[t]he money isn't even that good. What I was selling wasn't even that big of a deal." Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that Petitioner was exercising sufficient control over the cocaine base to establish constructive possession.

## **VII.**

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order **DENYING** Petitioner's Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that no later than **January 12, 2007** any party to this action may file a written objection with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 26, 2007**. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on

///
///
///
///
///

appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**

DATED: December 11, 2006

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

Copy to:

HONORABLE MARILYN L. HUFF

ALL COUNSEL OF RECORD

PRISONER *PRO SE*