1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   CURTIS CLYDE OLIVER,                       CASE NO. 06-CV-0529-H (WMc)

12                              Petitioner,      ORDER DENYING PETITION
                                                 FOR WRIT OF HABEAS
13          vs.                                  CORPUS PURSUANT TO
                                                 28 U.S.C. § 2254
14   ROBERT J HERNANDEZ, Warden,

                                   Respondent.
15

16          On March 13, 2006, Petitioner Curtis Clyde Oliver submitted a *pro se* petition

17   for writ of habeas corpus, challenging his California conviction pursuant to 28 U.S.C.

18   § 2254.  (Doc. No. 1.)  The government submitted its answer on May 8, 2006, and

19   Petitioner filed a traverse on May 26, 2006.  (Doc. Nos. 4-5, 7-8.)  On December 11,

20   2006, Magistrate Judge McCurine signed a Report and Recommendation that the

21   petition be denied.  (Doc. No. 9.)  Petitioner filed objections on December 28, 2006.

22   (Doc. No. 10.)

23          For reasons discussed below, the Court **ADOPTS** the report and

24   recommendation, **DENIES** petitioner's objections, and **DENIES** the petition for a writ

25   of habeas corpus.

26                                      **Background**

27          On January 21, 2004, Petitioner was convicted at trial for possession of cocaine

28   base for sale, Cal. Health & Safety Code § 11351.5, and child endangerment, Cal. Penal

Code § 273a(a). (Lodgment No. 1 at 151, 153.) On appeal, Petitioner raised three challenges: (1) the trial court erred by refusing to offer a requested jury instruction on the possession charge, (2) there was insufficient evidence to support the possession charge, and (3) there was insufficient evidence to support the child endangerment charge. (See Lodgments 3, 5.) On October 19, 2005, the California Court of Appeal reversed the child endangerment conviction based on insufficiency of the evidence, but rejected the other arguments and affirmed the conviction for possession. (See Lodgment No. 6.) On January 4, 2006, the California Supreme Court denied Petitioner's subsequent petition for review. (See Lodgments 7-8.)

The California Court of Appeals summarized the facts offered by the prosecution against Petitioner (then appellant) as follows:[1]

> On July 21, 2003, Deanna Horton, appellant's co-defendant, was seen by San Diego Police narcotics officers getting into appellant's car in an area where drug dealing frequently occurred. The car was stopped for a series of traffic violations. Horton was on probation for sale of cocaine base and subject to search. Appellant was found in possession of $142 in cash in small bills. Horton's wallet contained marijuana and approximately .20 grams of rock cocaine base worth about $40. Horton appeared under the influence of a stimulant. Horton admitted as much, and a urine test confirmed she was under the influence of cocaine.
>
> The apartment appellant shared with Horton and her 13-year-old child was searched. In a stereo speaker, apparently used as a table in Horton and appellant's bedroom, officers found 15 individually packaged rocks of cocaine weighing approximately 4.00 grams. . . .
>
> On top of the speaker containing the drugs was a letter addressed to appellant at the apartment's address and a utility bill for the apartment in appellant's name. Next to the speaker was a stick of men's deodorant. On the other side of the room was a rental agreement for the apartment in Horton's name. In the closet was a satchel containing two means of identification belonging to appellant.
>
> Appellant was placed under arrest and was transported to a hospital. At the hospital appellant spontaneously stated to an officer he was getting tired of being locked up. The officer stated to appellant he did not want to talk to him. Appellant asked if the officer knew why he was under arrest. The officer read appellant a synopsis from a jail document indicating the basis for his arrest. Appellant then stated: "This is all bogus. It's not what it seems. I have a problem with drugs and all, but I don't think this is going anywhere when it gets to the judge." The officer

---

[1]Material omitted from the following two excerpts relates primarily to the reversed child endangerment conviction that is not at issue here.

1    told appellant he could understand that if the money was good it would be
2    hard to stop.  Appellant said: "The money isn't even that good. What I was
     selling wasn't even that big of a deal."

3    People v. Oliver, No. D045114, 2005 WL 2660294, at *1 (Cal. Ct. App. 2005).  The

4    court then summarized further facts offered by the defense:

5        Horton's 13-year-old son D. lived at the apartment where the drugs were
6        found. He did not think appellant was living there. . . .

7        Deanna Horton testified that in May 2003 appellant moved into her
         apartment. While appellant helped Horton pay the bills, she did not know
8        where he got his money. She stated appellant was unaware of the drugs in
         the house. Horton stated she purchased $100 worth of cocaine base three
9        days before her arrest. She rationed it into 20 or 25 separate bindles and
         placed them in plastic bags. She kept the drugs for her personal use.

10   Id. at *2. The court then held there was sufficient evidence to support the possession

11   charge against Petitioner and made the following findings:

12       There was strong evidence appellant not only lived at the apartment where
         the drugs were found but paid some of the expenses of the residence.
13       Documents bearing appellant's name were found on the top of the speaker
         containing the cocaine. After his arrest appellant admitted to an officer he
14       had a problem with drugs. When the officer stated he could understand
         that if the money was good it would be hard to stop, appellant replied the
15       money was not that good and what he was selling was not "that big of a
         deal." This evidence taken together was sufficient to support appellant's
16       conviction for possession of cocaine base for sale.

17   Id. at *3.

18                                  **Discussion**

19   **I.      Standards of Review**

20           The district court "may accept, reject, or modify, in whole or in part, the findings

21   or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  If a party objects

22   to any portion of the report, the district court "shall make a *de novo* determination of

23   those portions of the report . . . to which objection is made."  Id.  Courts construe *pro*

24   *se* pleadings liberally.  See Maleng v. Cook, 490 U.S. 488, 493 (1989).  The Court

25   construes Petitioner's objections as encompassing the Report and Recommendation in

26   its entirety and will review it *de novo*.

27   ///

28   ///

## II.   The Possession Conviction Was Supported by Sufficient Evidence

Petitioner challenges the sufficiency of the evidence to support his conviction.[2] (See Petition at 7-9.)  Petitioner is entitled to habeas relief if, based upon the trial record, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979).  The Ninth Circuit has noted that it is an open question whether 28 U.S.C. §§ 2254(d)(1) or 2254(d)(2) require deference in addition to the Jackson standard,[3] or whether it should be applied as written. See Garcia v. Carey, 395 F.3d 1099, 1102 (9th Cir. 2005); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc).   Since the Court would reach the same result with or without such additional deference, it is not necessary to resolve the interaction of section 2254(d) and Jackson.  The Court concludes that, under the Jackson standard, Petitioner is not entitled to habeas relief.

The elements of possession for sale of cocaine are: (1) exercising control over the cocaine, (2) knowledge of the cocaine's presence and its nature as a controlled substance, (3) an amount of cocaine sufficient to be used for sale, and (4) possession with intent to sell.[4] In re Christopher B., 219 Cal. App. 3d 455, 466 (1990).  "It is well

---

[2]Petitioner also argued that the statements he made while under arrest were inadmissible character evidence under California law, but the Court declines to rule on that issue.  (See Petition at 9 (citing the California Evidence Code and California case law as grounds for this objection.).)  "A federal court may not issue a writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). Even if the Court were to construe this as some type of federal claim, it was not raised before the California Court of Appeal and is therefore not reachable here.  See Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005) (Federal court may not consider merits of a claim unless petitioner offers new evidence in federal court.).

[3]28 U.S.C. § 2254(d) permits a conviction to be overturned only if based on "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Respondent's statement of facts also makes reference to 28 U.S.C. 2254(e)(1), which presumes the correctness of state court findings and requires proof to the contrary by clear and convincing evidence, but this standard only applies where petitioner offers new evidence in federal court. See Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir. 2004).   Where Petitioner challenges the state court's findings based on the state record, the "unreasonable determination" clause of 28 U.S.C. § 2254(d)(2) applies. See Id. at 999-1000.

[4]Some California appellate courts have concluded that the intent element is met by possession with intent that any person, not necessarily the defendant, will sell the controlled substance. See, e.g., People v. Parra, 70 Cal. App. 4th 222, 226 (1999).  The Court concludes that the evidence is sufficient

1    established that one may become criminally liable for possession for sale . . . of a
2    controlled substance, based upon either actual or constructive possession of the
3    substance." People v. Morante, 20 Cal. 4th 403, 417 (1999). "Constructive possession
4    exists where a defendant maintains some control or right to control contraband that is
5    in the actual possession of another." Id. This encompasses a "wide variety of conduct
6    in a wide variety of settings" in accordance with a policy of punishing those who
7    exercise "such a degree of intentional direction over contraband that [they] can be
8    justifiably and fairly punished in the same manner as if . . . in actual physical possession
9    . . . ." Armstrong v. Superior Court 217 Cal. App. 3d 535, 539 (1990).

10        The evidence introduced here is sufficient to support each of these elements.  In
11   the apartment where the cocaine was found, officers also found a letter addressed to
12   Petitioner at that address, a utility bill for the apartment in Petitioner's name, two forms
13   of identification belonging to Petitioner, and men's deodorant. Oliver, No. D045114,
14   2005 WL 2660294, at *1.  These all support an inference that Petitioner constructively
15   possessed the cocaine found there.  Petitioner also admitted "a problem with drugs" and
16   stated that: "The money isn't even that good.  What I was selling wasn't even that big
17   of a deal." Id.  A rational trier of fact could infer control, knowledge, and intent to sell
18   from theses statements.  The approximately four grams of cocaine was divided into 15
19   packages, sufficient for a rational trier of fact to conclude that it was sufficient in
20   amount and intended for sale. Id.

21        Petitioner argues that mere presence is insufficient to support this possession
22   charge, but the evidence here supports more than mere presence, particularly given
23   Petitioner's statements.  Petitioner further argues that the conviction was based on
24   "speculation passion and prejudice" merely because he was "[a] black male living in a
25   high crime area, who has a girlfriend who has an addiction . . . ." (Petition at 9.)  The
26   facts discussed above, however, show that a rational trier of fact could convict without

27

28   even under the stricter standard, where defendant must intend to sell the cocaine personally, so it is
     not necessary to reach this issue.

1  undue speculation or prejudice, and Petitioner points to no facts indicating that race or

2  other prejudicial factors were improperly considered.

3  **Conclusion**

4      For the reasons discussed above, the Court **ADOPTS** the report and

5  recommendation, **DENIES** petitioner's objections, and **DENIES** the petition for a writ

6  of habeas corpus.

7      IT IS SO ORDERED.

8  DATED:  September 19, 2007

9

10  MARILYN L. HUFF, District Judge
    UNITED STATES DISTRICT COURT

11

12  COPIES TO:
    All parties of record.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28